IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Nathan Roberts** and **Freedom Truck Dispatch LLC**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Progressive Preferred Insurance Company**; **Progressive Casualty Insurance Company**; **Circular Board LLC**,<br><br>Defendants. | Case No. 1:23-cv-01597<br><br>**Plaintiffs' Class-Action Complaint** |

Progressive Preferred Insurance Company provides commercial insurance to commercial trucking and delivery companies. It also engages in patently unlawful racial discrimination by offering a $25,000 "grant" to 10 "Black-owned small businesses to use toward the purchase of a commercial vehicle." Progressive does not permit non-black-owned small businesses to even apply for the grant. Plaintiffs Nathan Roberts and Freedom Truck Dispatch bring suit to enjoin Progressive from continuing these racially discriminatory practices and recover classwide damages on behalf of everyone who has suffered unlawful racial discrimination on account of this program.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

3. Because the plaintiffs reside in Cuyahoga County, assignment to the Eastern Division is proper. *See* Local Civil Rule 3.8(c).

## PARTIES

4. Plaintiff Nathan Roberts is a citizen of Ohio who resides in Cuyahoga County.

5. Plaintiff Freedom Truck Dispatch LLC is an Ohio limited-liability company with its principal place of business in Cleveland, Ohio.

6. Defendant Progressive Preferred Insurance Company is a corporation organized under the laws of Ohio. It can be served at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

7. Defendant Progressive Casualty Insurance Company is a corporation organized under the laws of Ohio. It can be served at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

8. Defendant Circular Board LLC is a limited liability company organized under the laws of Delaware. Circular Board LLC operates Hello Alice, an online resource platform that conspired and partnered with Progressive in administering these racially discriminatory grants.

## STATEMENT OF FACTS

9. Defendant Progressive Preferred Insurance Company provides commercial insurance coverage to delivery trucking companies.

10. Plaintiff Nathan Roberts, as sole owner and member of Freedom Truck Dispatch LLC, obtained a commercial policy from Progressive Preferred Insurance Company on October 17, 2022.

11. On May 24, 2023, Progressive Preferred Insurance Company emailed Mr. Roberts about a grant opportunity for their commercial-trucking small-business owners. *See* Exhibit 1. The grant was offered through defendant Progressive Casualty Insurance Company, although the e-mail was sent by Progressive Preferred Insurance Company. (We will refer to these defendants collectively as "Progressive.")

12. Progressive decided that only black-owned businesses would be eligible for these grants. The email states:

**Progressive Driving Small Business Forward Fund**

We're offering 10 grants of $25,000 each to Black-owned small businesses to use toward the purchase of a commercial vehicle. Apply to this fund today.

Apply Today

13. Progressive claims that only black-owned businesses should be eligible for these grants because "studies have shown how inequities have made it harder for Black entrepreneurs to access capital. This program aims to alleviate this challenge." Exhibit 2; *see also* https://helloalice.com/grants/progressive (last visited on August 16, 2023) [https://perma.cc/65S7-7W6V].

14. Grant recipients must use the money toward the purchase of a commercial vehicle and must "have a clear plan for growth as a result of this vehicle purchase." Exhibit 3; *see also* bit.ly/3YDOGwg (last visited on August 16, 2023). This makes the grant into a contract supported by mutuality of obligation and consideration.

15. Progressive's grant program therefore discriminates against non-black-owned businesses in violation of 42 U.S.C. § 1981.

16. Hello Alice, an online resource platform operated by defendant Circular Board LLC, partnered and conspired with Progressive to violate 42 U.S.C. § 1981

with this racially discriminatory grantmaking. *See* Exhibit 3; Exhibit 4. Hello Alice also partners and conspires with other entities to violate 42 U.S.C. § 1981. *See* Exhibits 5–7.

## FACTS RELATED TO STANDING

17. After receiving the email attached as Exhibit 1, Nathan Roberts did not realize the grant was available only for black-owned small businesses.

18. Nathan Roberts opened the application and began filling it out.

19. Eventually, he came to a part of the application that made clear that the grants were available only to black-owned businesses, so he closed the application and did not apply because he is white and his business is white-owned.

20. Nathan Roberts, on behalf of himself and Freedom Truck Dispatch LLC, wishes to apply for the grant and is "able and ready to apply." *See Carney v. Adams*, 141 S. Ct. 493, 499–500 (2020); *Gratz v. Bollinger*, 539 U.S. 244, 261 (2003).

21. Mr. Roberts is white and therefore ineligible for the $25,000 grant that Progressive will award to black-owned small businesses.

22. Mr. Roberts is suffering past and future injury in fact because he was barred from applying for this grant, and he cannot apply to become a grant recipient without subjecting himself to racial discrimination.

23. Mr. Roberts cannot apply for the grant until Progressive and Circular Board LLC eliminate this racially discriminatory requirement.

24. Mr. Roberts's injuries are traceable to the allegedly unlawful behavior of Progressive and Circular Board LLC, who are operating a racially discriminatory grant program, and those injuries will be redressed by the damages and prospective relief sought in this lawsuit.

25. Mr. Roberts seeks to represent a class of all individuals who were or are "able and ready" to apply to Progressive's "Driving Small Business Forward" grant program

and have been or would be subjected to racial discrimination on account of the defendants' behavior.

## CLASS ALLEGATIONS

26. Mr. Roberts brings this class action under Fed. R. Civ. P. 23(b)(1)(A), (b)(1)(B), (b)(2), and (b)(3). The class includes all individuals who were or are "able and ready" to apply to Progressive's "Driving Small Business Forward" grant program, and have been or would be subjected to adverse racial discrimination on account of the defendants' behavior. The class includes everyone who has ever fallen within this definition, including anyone who comes within the class definition at any time before the conclusion of this action.

27. The number of persons in the class makes joinder of the individual class members impractical. The plaintiffs estimate that the class members number in the hundreds.

28. There are questions of fact and law common to all class members. Factually, all class members are potential applicants to Progressive's "Driving Small Business Forward" grant program who have been or would subjected to adverse racial discrimination. Legally, federal civil-rights laws, including 42 U.S.C. § 1981, afford the same rights to every member of the class.

29. Mr. Roberts's claims are typical of other class members, as each class member has been subjected to racial discrimination in violation of 42 U.S.C. § 1981.

30. Mr. Roberts adequately represents the interests of his fellow class members, and he has no interests antagonistic to the class.

31. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members risks inconsistent adjudications on the underlying legal issues.

32. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the legality of Progressive's "Driving Small Business Forward"

grant program under 42 U.S.C. § 1981 will, as a practical matter, be dispositive of the interests of all class members.

33. A class action can be maintained under Rule 23(b)(2) because the defendants have acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

34. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because all class members are subjected to the same violation of their federal rights, and the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

## CAUSE OF ACTION

35. 42 U.S.C. § 1981 prohibits Progressive from engaging in racial discrimination in the making and enforcement of contracts.

36. Progressive has violated and is violating 42 U.S.C. § 1981 by awarding $25,000 grants to black-owned small businesses, while withholding this benefit from all other races.

37. Hello Alice has violated and is violating 42 U.S.C. § 1981 by conspiring and partnering with Progressive in administering these racially discriminatory grants and withholding these grants from non-black-owned businesses.

38. 42 U.S.C. § 1981 provides Mr. Roberts with a private right of action to sue for both damages and prospective relief. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975).

## DEMAND FOR RELIEF

39. Mr. Roberts respectfully requests that the court:

    a.    certify the class described in paragraphs 25 and 26;

    b.    declare that Progressive is violating 42 U.S.C. § 1981 by excluding all races from the $25,000 grant that it provides to black-owned small businesses;

    c.    enjoin Progressive from discriminating against or giving preferential treatment to any person or entity on account of race;

    d.    award nominal, compensatory, and punitive damages against each of the defendants;

    e.    award costs and attorney's fees; and

    f.    award all other relief that the Court deems just, proper, or equitable.

Respectfully submitted.

| | |
|---|---|
| Gene P. Hamilton* <br> Virginia Bar No. 80434 <br> Vice-President and General Counsel <br> Nicholas R. Barry <br> Senior Litigation Counsel <br> America First Legal Foundation <br> 611 Pennsylvania Avenue SE #231 <br> Washington, DC 20003 <br> (202) 964-3721 <br> gene.hamilton@aflegal.org <br> nicholas.barry@aflegal.org <br><br> Jonathan F. Mitchell* <br> Texas Bar No. 24075463 <br> Mitchell Law PLLC <br> 111 Congress Avenue, Suite 400 <br> Austin, Texas 78701 <br> (512) 686-3940 (phone) <br> (512) 686-3941 (fax) <br> jonathan@mitchell.law <br><br> Dated: August 16, 2023 | /s/ Joseph P. Ashbrook <br> Joseph P. Ashbrook <br> Ohio Bar No. 0091279 <br> Julie E. Byrne <br> Ohio Bar No. 0085174 <br> Ashbrook Byrne Kresge LLC <br> Post Office Box 8248 <br> Cincinnati, Ohio 45249 <br> (513) 582-7424 (phone) <br> (513) 216-9882 (fax) <br> jpashbrook@ashbrookbk.com <br> jebyrne@ashbrookbk.com <br><br><br> * *pro hac vice* applications forthcoming <br><br> *Counsel for Plaintiffs and the Proposed Class* |