IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Nathan Roberts** and **Freedom Truck Dispatch LLC**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Progressive Preferred Insurance Company**; **Progressive Casualty Insurance Company**; **Circular Board Inc.**,<br><br>Defendants. | Case No. 1:23-cv-01597<br><br><br><br><br>**Plaintiffs' First Amended Class-Action Complaint** |

Progressive Preferred Insurance Company provides commercial insurance to commercial trucking and delivery companies. It also engages in patently unlawful racial discrimination. For example, it recently offered a $25,000 "grant" to 10 "Black-owned small businesses to use toward the purchase of a commercial vehicle." The grant program comprised two, sequential contractual agreements. First, Progressive and Hello Alice allowed small businesses to compete for the grant in exchange for, among other things, the applicants' allowing defendants and their partners to use the applicants' information and data for marketing purposes.  Second, after Progressive and Hello Alice picked the winners, the winners had to agree to spend the grant money in a manner consistent with the grant's terms. The defendants did not permit non-black-owned small businesses to compete for the grant. Plaintiffs Nathan Roberts and Freedom Truck Dispatch bring suit to enjoin Progressive from continuing these

racially discriminatory practices and recover classwide damages on behalf of everyone who has suffered unlawful racial discrimination on account of this program.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

3. Because the plaintiffs reside in Cuyahoga County, assignment to the Eastern Division is proper. *See* Local Civil Rule 3.8(c).

## PARTIES

4. Plaintiff Nathan Roberts is a citizen of Ohio who resides in Cuyahoga County.

5. Plaintiff Freedom Truck Dispatch LLC is an Ohio limited-liability company with its principal place of business in Cleveland, Ohio.

6. Defendant Progressive Preferred Insurance Company is a corporation organized under the laws of Ohio. It can be served at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

7. Defendant Progressive Casualty Insurance Company is a corporation organized under the laws of Ohio. It can be served at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

8. Defendant Circular Board Inc. is a corporation organized under the laws of Delaware. Circular Board Inc., operates Hello Alice, an online resource platform that conspired and partnered with Progressive in administering these racially discriminatory grants.

STATEMENT OF FACTS

9. Defendant Progressive Preferred Insurance Company provides commercial insurance coverage to delivery trucking companies.

10. Plaintiff Nathan Roberts, as sole owner and member of Freedom Truck Dispatch LLC, obtained a commercial policy from Progressive Preferred Insurance Company on October 17, 2022.

11. On May 24, 2023, Progressive Preferred Insurance Company emailed Mr. Roberts about a grant opportunity for their commercial-trucking small-business owners. *See* Exhibit 1. The grant was offered through defendant Progressive Casualty Insurance Company, although the e-mail was sent by Progressive Preferred Insurance Company. (We will refer to these defendants collectively as "Progressive.")

12. Progressive decided that only black-owned businesses would be eligible for these grants. The email states:

**Progressive Driving Small Business Forward Fund**

We're offering 10 grants of $25,000 each to Black-owned small businesses to use toward the purchase of a commercial vehicle. Apply to this fund today.

[Apply Today]

13. Progressive claimed that only black-owned businesses should be eligible for these grants because "studies have shown how inequities have made it harder for Black entrepreneurs to access capital. This program aims to alleviate this challenge." Exhibit 2; *see also* https://helloalice.com/grants/progressive (last visited on January 3, 2024) [https://perma.cc/65S7-7W6V].

14. Hello Alice, an online resource platform operated by defendant Circular Board Inc., partnered and conspired with Progressive to violate 42 U.S.C. § 1981 with this racially discriminatory grantmaking. *See* Exhibit 3; Exhibit 4. Hello Alice

also partners and conspires with other entities to violate 42 U.S.C. § 1981. *See* Exhibits 5–7.

15. Progressive and Hello Alice are for-profit businesses.

16. Upon information and belief, Progressive provides the funding for these discriminatory grants; Hello Alice then administers the program and distributes the funds in concert with Progressive and in a manner that is commercially beneficial to both of them.

17. To receive the grant, businesses were required to complete an application.

18. Progressive announced that "[a]pplicants must meet all of the below criteria to be eligible for this opportunity:"

- Be a for-profit business majority (51%+) owned and operated by a Black-identifying entrepreneur(s);

- Have 10 or fewer employees and less than $5M in annual gross revenue;

- Have a demonstrated need for a qualifying commercial vehicle to run your business and a clear plan for growth as a result of this vehicle purchase

- Not be an independent contractor whose primary business is for a rideshare service such as Uber or Lyft, or third-party food delivery such as UberEats, DoorDash, PostMates, Grubhub, Instacart, etc.

*See* Exhibit 3.

19. A website with terms and conditions included one other eligibility requirement: "Heavy trucks with Gross Vehicle Mass (GVM) over 26,000 lbs. and vehicles designed principally for use off public roads (e.g. bulldozers, farm machinery, forklifts, etc.) are **not** considered qualifying commercial vehicles for this program." *See* https://pgrs.in/Hi_Alice (last visited Jan. 3, 2024) (link included at bottom of Exhibit 1).

20. On information and belief, the black-owned business criterion was the only one of these eligibility criteria that applicants had to satisfy in order to compete for the grant funds: Progressive and Hello Alice were both able and willing to excuse non-compliance with the other purported requirements.

21. In exchange for being allowed to compete for the grant, applicants agreed to certain terms and conditions that provide benefits to the defendants and involve detriments to the applicants—including terms that allow the defendants to use the applicant's information for cross-selling and other marketing purposes. The terms also give Hello Alice and Progressive a license for their commercial use of the information.

22. In addition to other various benefits and detriments, grant recipients must use the money toward the purchase of a commercial vehicle. Exhibit 3; *see also* bit.ly/3YDOGwg (last visited on January 3, 2024). This means that both the opportunity to compete for a grant and the awarding of the grant itself involve contracts, supported by mutuality of obligation and consideration.

23. By allowing only black-owned businesses to compete for and obtain the grant, Progressive discriminated against non-black-owned businesses in violation of 42 U.S.C. § 1981.

24. On information and belief, Progressive will resume its "Driving Small Business Forward" grant program (or another program under which Progressive offers only businesses operated by individuals of a specified race the right to compete for grant funds) in the future, and will do so in conjunction with Hello Alice.

25. Progressive's grant program is not a charitable endeavor; it is instead a marketing scheme. First, by soliciting applications, Hello Alice and Progressive obtain information and user data on applicants that they can share with third parties, use for targeted marketing, and use to cross-sell their various products and services. Second, the grant program establishes goodwill that Progressive and its partners can leverage

to sell products to grant recipients. Finally, the defendants' marketing of the grant program allows them to attract the goodwill and business of potential customers who support racial discrimination of the sort the program entails.

## FACTS RELATED TO STANDING

26. After receiving the email attached as Exhibit 1, Nathan Roberts did not realize the grant was available only for black-owned small businesses.

27. Nathan Roberts opened the application and began filling it out.

28. Eventually, he came to a part of the application that made clear that the grants were available only to black-owned businesses, so he closed the application and did not apply because he is white and his business is white-owned.

29. Nathan Roberts, on behalf of himself and Freedom Truck Dispatch LLC, wished to apply for the grant and was "able and ready to apply." *See Carney v. Adams*, 141 S. Ct. 493, 499–500 (2020); *Gratz v. Bollinger*, 539 U.S. 244, 261 (2003).

30. Mr. Roberts is white and was therefore ineligible for the $25,000 grant that Progressive will award to black-owned small businesses.

31. Mr. Roberts's business, Freedom Truck Dispatch, satisfied all of the purported eligibility requirements except for the requirement that the applicant be a black-owned business. *See* Exhibit 8.

32. Mr. Roberts was injured because he and his business were denied the ability to enter into contracts with the defendants—the contract to compete for the grant money, and the subsequent contract connected to receipt of the grant money—based on his race. He continues to be injured by being denied the right to compete for these and similar grants—which, on information and belief, the defendants plan to offer in the future. *See above* ¶24.

33. Mr. Roberts cannot apply for future, similar grants until Progressive and Circular Board Inc. eliminate this racially discriminatory requirement.

34. Mr. Roberts's injuries are traceable to the allegedly unlawful behavior of Progressive and Circular Board Inc., who are operating a racially discriminatory grant program, and those injuries will be redressed by the damages and prospective relief sought in this lawsuit.

35. Mr. Roberts seeks to represent a class of all individuals who were or are "able and ready" to apply to Progressive's "Driving Small Business Forward" grant program (including subsequent programs under which Progressive offers only businesses operated by individuals of certain races the right to compete for grant funds) and have been or would be subjected to racial discrimination on account of the defendants' behavior.

## CLASS ALLEGATIONS

36. Mr. Roberts brings this class action under Fed. R. Civ. P. 23(b)(1)(A), (b)(1)(B), (b)(2), and (b)(3). The class includes all individuals who were or are "able and ready" to apply to Progressive's "Driving Small Business Forward" grant program (including subsequent programs under which Progressive offers only businesses operated by individuals of certain races the right to compete for grant funds), and have been or would be subjected to adverse racial discrimination on account of the defendants' behavior. The class includes everyone who has ever fallen within this definition, including anyone who comes within the class definition at any time before the conclusion of this action.

37. The number of persons in the class makes joinder of the individual class members impractical. The plaintiffs estimate that the class members number in the hundreds.

38. There are questions of fact and law common to all class members. Factually, all class members are potential applicants to Progressive's "Driving Small Business Forward" grant program (including subsequent programs under which Progressive

offers only businesses operated by individuals of certain races the right to compete for grant funds) who have been or would subjected to adverse racial discrimination. Legally, federal civil-rights laws, including 42 U.S.C. § 1981, afford the same rights to every member of the class.

39. Mr. Roberts's claims are typical of other class members, as each class member has been subjected to racial discrimination in violation of 42 U.S.C. § 1981.

40. Mr. Roberts adequately represents the interests of his fellow class members, and he has no interests antagonistic to the class.

41. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members risks inconsistent adjudications on the underlying legal issues.

42. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the legality of Progressive's "Driving Small Business Forward" grant program (including subsequent programs under which Progressive offers only businesses operated by individuals of certain races the right to compete for grant funds) under 42 U.S.C. § 1981 will, as a practical matter, be dispositive of the interests of all class members.

43. A class action can be maintained under Rule 23(b)(2) because the defendants have acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

44. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because all class members are subjected to the same violation of their federal rights, and the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

## CAUSE OF ACTION

45. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

46. 42 U.S.C. § 1981 prohibits Progressive from engaging in racial discrimination in the making and enforcement of contracts.

47. Progressive violated and is violating 42 U.S.C. § 1981 by refusing to enter into contracts with businesses on the ground that they are not black-owned businesses.

48. Hello Alice has violated and is violating 42 U.S.C. § 1981 by conspiring and partnering with Progressive in administering these racially discriminatory contracts.

49. But for the Plaintiffs' race, they would be able to enter into the contracts described herein, and they would have the same opportunity to compete for the grants that Progressive and Hello Alice provide for black-owned businesses.

50. 42 U.S.C. § 1981 provides Mr. Roberts with a private right of action to sue for both damages and prospective relief. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975).

## DEMAND FOR RELIEF

51. Mr. Roberts respectfully requests that the court:

    a. certify the class described in paragraphs 35 and 36;

    b. declare that Progressive is violating 42 U.S.C. § 1981 by excluding all races from the $25,000 grant that it provides to black-owned small businesses;

    c. enjoin Progressive from discriminating against or giving preferential treatment to any person or entity on account of race;

    d. award nominal, compensatory, and punitive damages against each of the defendants;

    e. award costs and attorney's fees; and

  f. award all other relief that the Court deems just, proper, or equitable.

Dated: January 3, 2024       Respectfully submitted.

|  |  |
|---|---|
| | /s/ Jospeh P. Ashbrook |
| Jonathan F. Mitchell* | Joseph P. Ashbrook |
| Texas Bar No. 24075463 | Ohio Bar No. 0091279 |
| Mitchell Law PLLC | Julie E. Byrne |
| 111 Congress Avenue, Suite 400 | Ohio Bar No. 0085174 |
| Austin, Texas 78701 | Benjamin M. Flowers |
| (512) 686-3940 (phone) | Ohio Bar No. 0095284 |
| (512) 686-3941 (fax) | Ashbrook Byrne Kresge LLC |
| jonathan@mitchell.law | Post Office Box 8248 |
| | Cincinnati, Ohio 45249 |
| Gene P. Hamilton* | (513) 582-7424 (phone) |
| Virginia Bar No. 80434 | (513) 216-9882 (fax) |
| Vice-President and General Counsel | jpashbrook@ashbrookbk.com |
| Nicholas R. Barry* | jebyrne@ashbrookbk.com |
| Senior Litigation Counsel | bflowers@ashbrookbk.com |
| America First Legal Foundation | |
| 611 Pennsylvania Avenue SE #231 | |
| Washington, DC 20003 | *Counsel for Plaintiffs and* |
| (202) 964-3721 | *the Proposed Class* |
| gene.hamilton@aflegal.org | |
| nicholas.barry@aflegal.org | |

*admitted *pro hac vice*