UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO

NATHAN ROBERTS, et al., ) CASE NO.: 1:23-cv-01597
)
Plaintiff(s), )
) JUDGE PATRICIA A. GAUGHAN
vs. )
) REPORT OF PARTIES' PLANNING
) MEETING UNDER FED. R. CIV.
PROGRESSIVE PREFERRED ) 26 (f) AND L.R.  16.3 (b)
INSURANCE COMPANY, et al., )
)
Defendant (s). )

1.  Pursuant to Fed. R. Civ. P. 26 (f) and L.R. 16.3 (b), a meeting was held on

February 20, 2024            ,           and was attended by:

Joseph Ashbrook, Julie Byrne, Benjamin Flowers, Jonathan Mitchell    Counsel for plaintiff (s) Nathan Roberts, et al.

Emily Cuneo DeSmedt, Michael Ruttinger    Counsel for plaintiff (s) Nathan Roberts, et al.

David Foster, Dolores Garcia, Halden Schwallie    Counsel for defendant(s) Progressive Preferred and Progressive Casualty

Counsel for defendant(s) Circular Board Inc.

2.  The parties:

_____ have exchanged the pre-discovery disclosures required by Rule 26 (a) (1)

_____ will exchange such disclosures by  See attached supplement      ,

_____ have not been required to make initial disclosures.

3. The parties recommend the following track:

____ Expedited     __X__ Standard     ____ Complex

____ Administrative     ____ Mass Tort

4. This case is automatically designated as suitable for Electronic Case Filing (ECF). Is there any reason that the designation should change to "not suitable for ECF"? __No__

5. Choose one of the following:

_____ This case **is** suitable **now** for **Mediation** or _____ (insert an alternative ADR)**.**

or,

__X__ Case **is not** suitable for ADR at this time but may be after some discovery.

or,

_____ Case **is not** suitable for ADR at any time.

6. The parties _____ do/ __X__ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S. C.§ 636 (c).

7. Federal jurisdiction is based upon __28 U.S.C. 1331 and 28 U.S.C. 1343__

8. Recommended Discovery Plan:

   a) Describe the claims & defenses on which discovery is to be sought and the nature and extent of discovery.

__See attached supplement for items 8-11.__

   b) Non-Expert discovery deadline: _____

    c)    If applicable, set forth the issues that will be addressed by experts and provide proposed deadlines: _____

_____

_____

_____

Expert report for the party with the burden of proof deadline: _____

Rebuttal expert report deadline: _____

Expert discovery cut-off deadline: _____

9.    The pleadings shall be amended **without** leave of Court on or before: _____.

10.    Recommended dispositive motion date: _____.

11.    Recommended date for a Status Conference _____ or Settlement Conference _____.

    12.    Other matters for the attention of the Court: None

_____

_____

Attorney for Plaintiff(s) Joseph P. Ashbrook

Attorney for Plaintiff(s) Jonathan F. Mitchell

Attorney for Plaintiff(s) Julie Byrne

Attorney for Defendant(s) Emily Cuneo DeSmedt

Attorney for Defendant(s) David M. Foster

Attorney for Defendant(s) Dolores P. Garcia

Revised 2/22/16

**JOINT SUPPLEMENT TO REPORT OF PARTIES'**
**PLANNING MEETING UNDER FED R. CIV 26(f) AND L.R. 16.3(b)**

Plaintiffs Nathan Roberts and Freedom Truck Dispatch LLC ("Plaintiffs") and Defendants Progressive Preferred Insurance Company, Progressive Casualty Insurance Company (the "Progressive Defendants" or "Progressive"), and Circular Board Inc. ("Hello Alice") (collectively, with the Progressive Defendants, "Defendants") respectfully submit this Joint Supplement to the Report of Parties' Planning Meeting.

During the planning meeting, the parties discussed the fact that Defendants have both filed motions to compel arbitration or to dismiss and how the pendency of these motions should affect future case activity and deadlines.  The parties agree that some effect on discovery is practical, including with respect to initial disclosures, which have not yet been exchanged.  There are, however, differences in the parties' views on this issue, which are reflected in the following position statements.

Plaintiffs' Position:   As a foundational rule of litigation, participants (courts and parties) must seek "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In this case, the plaintiffs have cooperated in requested briefing schedules and the extension of deadlines such as Defendants' deadline for responding to the plaintiffs' first amended complaint. But the upshot of our present situation is that the case will have been effectively paused for more than eight months by the time Defendants file their reply briefs on April 19, 2024.

The plaintiffs agree that this case could be resolved on a standard track; however, the case deadlines will need to bake the lost time back into the schedule to properly resolve the underlying issues. For example, the Defendants' main defense arises from the factual assertion that their grant program is philanthropic, not commercial. That stands in direct contrast to the plaintiffs' allegations regarding the program's commercial nature. Under basic principles of litigation, the

parties need to develop the truth on that issue of fact. And this will involve iterations of discovery to unpack the underlying business of the program. The parties need time to do so and properly develop the record.

While it is important to have the time necessary to properly develop the record, the Rules also require the "speedy" resolution of disputes. Defendants' desire for an indefinite pause is contrary to that directive. It also ignores context.

Defendants did not ask the Court to compel arbitration until after the amended complaint; before, they simply wanted the Court to exercise its jurisdiction and rule on the dispositive motion. By the time they moved to compel arbitration, there were already six months of pause. To now stack an indefinite pause on top of an already long pause when Defendants could have previously raised the argument is not "just," undermines the Rules, and frustrates the institutional responsibilities of the court and the parties to move the case towards resolution.

At the same time, and mindful of other institutional duties, the plaintiffs propose that the matter proceed as follows: the parties hold off on initial disclosures until the Court sets a status conference at a time convenient for the Court reasonably contemporaneous with the filing of Defendants' reply briefs on April 19, 2024. At the status conference, subject to the Court's discretion, the Court set a scheduling order for the case that includes a date for initial disclosures. At that point, Hello Alice and/or Progressive can properly file motions to stay discovery if desired, rather than a quasi brief in the parties' 26(f) filing (which the plaintiffs did not expect or receive until shortly before the filing was due). Likewise, with respect to the current motions, if Defendants do not get a result that they like out of the various bites of the apple they seek, then Defendants can appeal the arbitration decision if desired. And the parties can address the appeal in an expeditious manner as envisioned by the *Coinbase* court. *Coinbase, Inc. v. Bielski*, 599 U.S. 736,

744–45 (2023). But the entire railroad doesn't need to stop—nor should it—for Defendants' hypothetical.

<u>Defendants' Position:</u> Defendants respectfully request that discovery be stayed until this Court has resolved the pending motions. It is well-settled that discovery should be stayed while a motion to compel arbitration is pending. *Alvarez v. Experian Info. Sols., Inc.*, No. 219CV03343JSJMW, 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021) ("A stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it."); *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, Case No. 5:16-cv-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. 2017) (collecting cases from across the country in which courts granted motions to stay discovery pending resolution of a motion to compel arbitration). The Federal Arbitration Act ("FAA") embodies a "liberal federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). To avoid frustrating the benefits of arbitration before a motion to compel is resolved, "[c]ourts frequently stay discovery pending resolution of a motion to compel arbitration." *Arik v. Meyers*, No. 219CV01908JADNJK, 2020 WL 515843, at *1 (D. Nev. 2020); *see Brown v. CMH Mfg., Inc.*, No. 2:13-cv-31404, 2014 WL 2973349, at *2 (S.D.W. Va. July 2, 2014) (staying discovery pending ruling on motion to compel arbitration because, if not, "plaintiffs will have wasted the expense of conducting discovery, only to conduct it again before an arbitrator").

The Supreme Court's recent decision in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), reinforces the need to stay discovery until a motion to compel under the FAA is fully resolved. *Coinbase* held that, when a party appeals an order *denying* a motion to compel arbitration, all proceedings in the district court are automatically stayed until the appeal is resolved. *Id.* at 738. As the Court explained, continuing to litigate while the appeal is pending "largely nullifie[s]" the

right "to an interlocutory appeal," and moving "forward with pre-trial and trial proceedings" while the question of arbitrability remains unresolved will mean "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost." *Id.* at 743.

*Coinbase*'s logic is fully consistent with the settled practice of courts staying discovery until motions to compel arbitration are resolved in the first instance. Indeed, if those motions are denied, Defendants have a right to an immediate appeal (9 U.S.C. § 16)—and such an appeal will, under *Coinbase*, result in an automatic stay. It makes no sense to start discovery now only to halt it, for one reason or another, when the motions to compel arbitration are resolved.[1]

Putting aside the arbitration issues, it also makes good practical sense to stay discovery until the motions to dismiss are resolved. For instance, the Court's rulings on the pending motions to dismiss may obviate the need for discovery altogether or otherwise substantially limit the permissible scope of inquiry. It would waste the parties' and the Court's resources to move forward with discovery now.

Staying discovery pending the Court's resolution of the motions will not unduly delay the case. The motions are set to be fully briefed soon, by April 19, 2024. And, even in the event that the litigation were to proceed, the nature of the Plaintiffs' claims suggests that a lengthy discovery period would be unnecessary.

---

[1] Plaintiffs' suggestion that Defendants delayed their motion to compel arbitration is baseless. Plaintiffs' original complaint did not cite or otherwise rely on the terms and conditions containing the arbitration clause. Defendants raised arbitration in their first responses to the amended complaint, which they timely filed according to the parties' agreed schedule. Defendants also gave Plaintiffs ample notice of their position regarding the need to stay discovery both during the Rule 26(f) conference on February 20 and when they provided their position statement to Plaintiffs on March 5.

For all of these reasons, Defendants respectfully request that the Court stay discovery and other pretrial proceedings pending its ruling on Defendants' motions to compel arbitration or dismiss plaintiffs' complaint.